STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket Nos. CR 98-587
CR 98-588
CR 98-589
CR 98-590
CR 98-591

AMM-PEN- 4|27|2000

JAMES RAINES,
        Plaintiff,

        )
        )
        )
        )
        )
v.      )        ORDER
        )
        )
        )
STATE OF MAINE,        )
        Defendant.        )

FILED AND ENTERED
SUPERIOR COURT

APR 27 2000

PENOBSCOT COUNTY

This matter is before the court on Raines' motion for judgment on the pleadings. Raines seeks post conviction review of five convictions in District Court during 1993 and 1994 to which he plead guilty. He was represented by an attorney in three of those convictions and acted pro se in the other two cases. Raines asserts that in those cases where he was represented by counsel, his attorney provided ineffective assistance of counsel, in violation of the Sixth Amendment, by failing to warn him that his guilty pleas could be used at a later date to enhance a subsequent federal conviction. In addition, Raines contends that the District Court violated his right to due process by failing to warn him of this consequence.

To vacate a guilty plea based on ineffective assistance of counsel, the court must find that "(1) the performance of [the defendant's] attorney fell below that of an ordinary fallible attorney; and (2) there is a reasonable probability that, but for [the] attorney's error, [the defendant] would not have entered a guilty plea and would have insisted on going to trial." Aldus v. State, 2000 Me. 47 ¶ 13, __ A.2d __.

"Whether the performance of an attorney falls below the standard is a question of fact." Id. at ¶ 14.

M.R. Crim. P. 11 requires that prior to acceptance of a guilty plea, the court must insure that the plea is made knowingly and voluntarily and that there is a factual basis for the charge. It is well established in Maine that Rule 11 does not require the trial court or the defense counsel to inform the defendant of collateral consequences of a guilty plea. See Laferriere v. State, 697 A.2d 1301, 1308 (Me. 1997); Wellman v. State, 588 A.2d 1178, 1180-81 (Me. 1991). It is also well established in the federal courts that whether a guilty plea may enhance a sentence for a subsequent crime is a collateral rather than a direct consequence, and the trial court is not required to inform a defendant of such a consequence. See United States v. Salerno, 66 F.3d 544 (2d. Cir. 1995); King v. Dutton, 17 F.3d 151 (6th Cir. 1994); U.S. v. Brownlie, 915 F.2d 527 (9th Cir. 1990); United States v. Edwards, 911 F.2d 1031 (5th Cir. 1990). Federal courts have in fact upheld guilty pleas where the enhancement of subsequent sentences have had much more severe effects. In King v. Dutton, 17 F.3d 151 (6th Cir. 1994), the court upheld a guilty plea on a murder charge where that conviction was used in a pending, unrelated murder charge as reason to enhance the sentence to the death penalty.

Likewise, the Maine Law Court in Laferriere upheld a guilty plea where the defense counsel incorrectly advised defendant that he would be able to serve his sentence in a nursing home rather than in prison. See Laferriere, 697 A.2d at 1308. The Law Court ruled that the location in which the defendant was to serve his sentence was a collateral rather than a direct consequence, about which neither the

court nor the defense attorney was required to inform the defendant. Raines complains of a consequence that is much more remote than that in <u>Laferriere</u>. The error of <u>Laferriere</u>'s attorney specifically concerned the sentence for that particular conviction, whereas here Raines complains of a consequence involving a conviction several years later in a different court. As such, neither the District Court nor Raines' attorney violated his constitutional rights by failing to inform him of the possibility that his guilty plea could enhance a subsequent sentence in a federal court.

The docket entry is:

Motion for judgment on the pleadings is DENIED. Petition for post conviction review is DENIED.

Dated: April 27, 2000

Hon. Andrew Mead
CHIEF JUSTICE, SUPERIOR COURT

ATTORNEY FOR PETITIONER:

JEFFREY TOOTHAKER, ESQ
14 HIGH STREET
ELLSWORTH, ME   04605

ATTORNEY FOR RESPONDENT:

C. DANIEL WOOD, ASST. D.A.
OFFICE OF DISTRICT ATTORNEY
97 HAMMOND STREET
BANGOR, ME   04401

DONALD L. GARBRECHT
LAW

MAY 10 2000